IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEAGUE OF WILDERNESS DEFENDERS-<br>BLUE MOUNTAINS BIODIVERSITY PROJECT,<br>               Plaintiff,<br><br>v.<br><br><br>BROOKS SMITH, et al.,<br>               Defendants. | CV. 04-1595-PK (Lead Case)<br>CV. 04-1628-PK<br>CONSOLIDATED CASES<br><br>OPINION AND<br>ORDER OF REMAND |

PAPAK, Magistrate Judge:

      Plaintiffs challenge the High Roberts Fire Salvage Project in the Malheur National Forest. Plaintiffs allege the U.S. Forest Service violated the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332, the National Forest Management Act (NFMA), 16 U.S.C. § 1600 et seq., and the Forest Service Decisionmaking and Appeals Reform Act (ARA), 16 U.S.C. § 1612 Note. This court has jurisdiction under 28 U.S.C. § 1331. On December 9, 2004, plaintiffs' motion for preliminary injunction was granted. Plaintiffs filed motions for summary judgment in

November 2005 and defendants filed cross-motions for summary judgment as well as a motion to strike. Oral argument was held on March 13, 2006. For the reasons set forth below, this court remands this case to the U.S. Forest Service to proceed with an administrative appeal of the High Roberts project as required under the national injunction issued in <u>Earth Island Instiute v. Pengilly</u>, 376 F. Supp. 2d 994 (E.D. Cal. 2005). The preliminary injunction to prevent any logging until this dispute is resolved will remain in place. Plaintiffs' motions for summary judgment and defendants' cross-motions for summary judgment are denied as moot. Defendants' motion to strike is also denied as moot.

## FACTUAL BACKGROUND

The High Roberts fire burned 13,535 acres in July and August of 2002 on the Malheur National Forest. On September 30, 2004, the Forest Service issued a Decision Memo for the High Roberts salvage timber sale, authorizing the logging of 2.7 million board feet of timber. The project area is 209 acres with .06 miles of temporary road construction. According to the Forest Service, the purpose of this project is to recover the economic value of dead and dying trees. The Forest Service determined that this project fit within a categorical exclusion (CE) for small-scale salvage harvest such that scientific specialists reports were prepared before the decision was issued, but because of the CE designation, no environmental assessment (EA) or environmental impact statement (EIS) was prepared pursuant to NEPA. A project is eligible for CE designation when the Forest Service determines there will be no significant environmental effects as a result of the project. Specifically, this project falls within category 13 of the Forest Service CE procedures which includes the salvage of dead or dying trees not to exceed 250 acres, requiring no more than 1/2 mile of temporary road construction. 68 Fed. Reg. 44607 (July

29, 2003). The inquiry conducted by the Forest Service included a determination that no potential extraordinary circumstances would preclude this project from being categorically excluded. When marking the trees for harvest, the Forest Service used the Scott Mortality Guidelines, a system for analyzing fire-caused tree mortality in the region in question.

Plaintiffs filed separate complaints in November 2004 and moved for a temporary restraining order (TRO) and preliminary injunction (PI) to stop the auction and award of the sale as well as any logging on the project. Subsequently, their individual cases were consolidated. Plaintiff Blue Mountains Biodiversity Project (BMBP) alleges the following: (1) the Forest Service improperly used a categorical exemption for the High Roberts project violating NEPA; (2) the use of the Scott Mortality Guidelines violates NEPA's scientific integrity requirement and NFMA because no live tree 21 inches diameter breast height (dbh) or larger may be cut under Eastside Screens; and (3) the Forest Service violated NEPA by failing to prepare an EA or EIS for promulgation of the CE under which this project falls.[1] Plaintiff Forest Service Employees for Environmental Ethics (FSEEE) alleges the following: (1) the Forest Service violated NFMA because no live tree 21 inches dbh or larger may be cut under Eastside Screens; (2) use of a CE violated NEPA; and (3) the Forest Service violated the ARA by failing to provide notice, comment and appeals to the High Roberts project. The Forest Service previously had denied FSEEE's request for an administrative appeal of this project.

On December 9, 2004, plaintiffs' motion for TRO/PI was granted and a written PI Order was signed on January 6, 2005. This court enjoined the Forest Service from awarding any timber sale or harvesting any live trees greater than 21 inches dbh. The court granted the Forest

---

[1] BMBP withdrew this claim, their Fifth Claim for Relief, during oral argument.

Page 3 - OPINION AND ORDER OF REMAND

Service leave to re-mark the project to exclude trees identified as "live" pursuant to the PI Order, and if the project was re-marked, plaintiffs would have the opportunity to conduct a field review of the re-marking. The project was re-marked in part, plaintiffs reviewed the re-marking and disputed that the Forest Service performed the re-marking correctly. Motions for summary judgment and cross-motions for summary judgment were filed in November 2005.

## ANALYSIS

As discussed at oral argument, both plaintiffs and defendants are amenable to a remand of this case to the Forest Service to conduct an administrative appeal of the High Roberts project. Based on the decision in Earth Island Institute v. Pengilly, 376 F. Supp. 2d 994 (E.D. Cal. 2005), this court orders that course of action. In Pengilly, the court found that the Forest Service rules codified at 36 C.F.R. §§ 215.4(a) and 215.12(f) are "manifestly contrary" to the ARA and that the Forest Service had impermissibly read the ARA as allowing categorically excluded projects to avoid going through the notice, comment and appeals process. 376 F. Supp. 2d at 1004-05. The court therefore found the regulations invalid and severed them from the remaining regulations. Id. at 1011. The court subsequently refused to limit its holding and remedy to the Eastern District of California . See FSEEE Ex. A to Motion for Summary Judgment (September 16, 2005, Order at 7). The effect of this decision and its subsequent clarification is that the Forest Service is now granting administrative appeals for categorically excluded projects pending the appeal of Pengilly. Since the same regulations declared invalid in Pengilly are challenged here, this court finds that plaintiffs have the right to an administrative appeal of the High Roberts project before the Forest Service.

Because the trees are losing value as time passes and due to the uncertainty involved in

Page 4 - OPINION AND ORDER OF REMAND

waiting for the Ninth Circuit to hear the <u>Pengilly</u> appeal and issue a ruling,[2] this court finds a more efficient and effective course would be to remand this case back to the Forest Service to proceed with an administrative appeal of this project.[3]

## CONCLUSION

For the foregoing reasons, this court remands this case to the U.S. Forest Service to proceed with an administrative appeal of the High Roberts project. This court further orders that the preliminary injunction (No. 44, 48) to prevent any logging until this dispute is resolved will remain in place. Plaintiffs' motions for summary judgment (No. 84, 88) and defendants' cross-motion for summary judgment (No. 98) are denied as moot. Defendants' motion to strike (No. 96) is denied as moot.

Dated this 23rd day of March, 2006.

    /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

---

[2] Counsel informed this court during oral argument that briefing in the <u>Pengilly</u> appeal is at the halfway point and oral argument is expected during the summer of 2006.

[3] Another court presented with the same issue of whether the new Forest Service regulations that exempt categorically excluded projects from notice, comment and appeal violate the ARA chose to stay the case at issue and await a ruling from the Ninth Circuit on the appeal of the <u>Pengilly</u> case. <u>Forest Service Employees for Environmental Ethics v. U.S. Forest Service</u>, 408 F. Supp. 2d 916, 921-22 (N.D. Cal. 2006).

Page 5 - OPINION AND ORDER OF REMAND