FILED'07 JUL 03 11:00USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEAGUE OF WILDERNESS DEFENDERS-<br>BLUE MOUNTAINS BIODIVERSITY PROJECT,<br>Plaintiff, | CV. 04-1595-PK (Lead Case)<br>CV. 04-1628-PK<br>(Consolidated Case) |
| | OPINION AND<br>ORDER |
| v. | |
| BROOKS SMITH, et al.,<br>Defendants. | |

PAPAK, Magistrate Judge:

Plaintiff Blue Mountains Biodiversity Project ("BMBP") moves for an award of attorney fees for time spent preparing and defending its fee petition pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d) (#199).

On December 12, 2006, this court issued its final judgment dismissing this case with prejudice. On January 11, 2007, BMBP timely filed its application for fees under EAJA. On May 17, 2007, this court found that BMBP was a prevailing party in this lawsuit and awarded

Page 1 - OPINION AND ORDER

BMBP its reasonable fees and costs in the amount of $88,927.00. On May 25, 2007, BMBP filed

a motion to supplement Equal Access to Justice Act Petition requesting additional fees for hours

expended by BMBP attorneys and a paralegal to prepare and litigate the successful fee petition.[1]

Defendants (together "Forest Service") oppose the motion[2] and argue: 1) that the court did

not grant BMBP's request to be granted leave to file the supplemental motion; and 2) that BMBP

has failed to show that any of the potential bases for reopening the final order that the court has

already entered on the fee application have been satisfied. I disagree.

In its reply brief in support of the original fee application, BMBP requested leave to seek

supplemental fees "for preparing and filing the fee petition and reply in support thereof." That

request was never ruled on by the court. To the extent necessary to consider the pending motion,

BMBP's request is GRANTED.

The Forest Service characterizes BMBP's motion as a request to reopen this court's prior

order regarding BMBP's request for fees, and argues that BMBP has failed to identify a source of

authority to bring such a post-order motion  In the alternative, the Forest Service faults BMBP

for waiting to file the instant motion for fees until after this court's decision on BMBP's initial

fee petition.  Neither of these arguments is persuasive.

BMBP's motion at issue here is for fees under EAJA to which it is entitled as a prevailing

party under this court's previous order regarding fees.  The Forest Service does not dispute that

BMBP is a prevailing party and, that as a prevailing party, BMBP is entitled to compensation for

---

[1]BMBP's reply brief includes an addendum requesting an additional 6.9 hours (#202).

[2]BMBP points out and the court notes that the defendants' response to the motion to
supplement EAJA petition was filed out of time.

Page 2 - OPINION AND ORDER

reasonable hours spent preparing its successful fee petition. <u>See</u> Defendants' Response at 3. As

such, this court rejects the Forest Service's argument that BMBP's motion be viewed as a request

to reopen a previous order.

The Forest Service correctly notes that BMBP's filing of the instant motion was outside

of the thirty days mandated by EAJA for filing of applications for fees. <u>See</u> 28 U.S.C. §

2412(d)(1)(B) (fee applications under EAJA must be submitted within thirty days of final

judgment). However, because BMBP's initial fee petition was timely filed under EAJA, this

court finds that BMBP's instant motion to supplement the initial fee petition is proper. <u>See</u> <u>Dunn</u>

<u>v. U.S.</u>, 775 F.2d 99, 104 (3rd Cir. 1985) (a court may permit supplementation of a fee petition

filed within the thirty-day period absent prejudice to the government or noncompliance with

court orders for timely completion of the fee determination).

In <u>U.S. v. Eleven Vehicles, Their Equipment and Accessories,</u> 200 F.3d 203 (3d Cir.

2000), the court stated:

> ... the strictures of the EAJA do not dictate when a request for *supplemental*
> fees must be filed. In the absence of a timeliness requirement imposed by
> statutory command, a Federal Rule of Civil Procedure, or an applicable local
> court rule, the only time limitation arises out of those equitable considerations
> that a district judge may weigh in his discretion.

<u>Id.</u> at 210.

The Forest Service has not alleged prejudice based on BMBP's supplemental filing, nor can such

prejudice be gleaned from the record. As a practical matter, it was also logical for BMBP to wait

until this court had determined whether it was a prevailing party to justify an award of fees for its

work on this lawsuit before requesting supplemental fees for time spent preparing its initial fee

petition. Had this court ruled against BMBP on its initial fee petition, BMBP would have had no

Page 3 - OPINION AND ORDER

reason to file the instant motion. BMBP is entitled to fees for time spent preparing its successful fee petition.

The Forest Service does not oppose the number of hours for which BMBP requested fees, and I find that the hours are reasonable. The hourly rate for the attorneys and the paralegal were set in my last order and apply to this petition as well. Mr. Bloemers' hourly rate is $250 and he has documented 33.1 hours of time; Mr. Litmans' hourly rate is $225 and he has documented 7.4 hours of time; and Ms. Carrillo's hourly rate is $100 and she has documented 4.8 hours of time.

CONCLUSION

For the foregoing reasons, this court grants plaintiff BMBP's motion for fees (#199) in the following amounts: $9,940.00 in attorney fees and $480.00 in paralegal fees for a total award of $10,420.00.

Dated this 3rd day of July, 2007.

Honorable Paul Papak
United States Magistrate Judge

Page 4 - OPINION AND ORDER